UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 00-6350-CR-FERGUSON

UNITES STATES OF AMERICA,

Plaintiff,

vs.

SEAN NELSON,

Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

COMES NOW Defendant, SEAN NELSON, by and through undersigned counsel, pursuant to Rules 7 and 12(b)(2) of the Federal Rules of Criminal Procedure and moves to dismiss the Indictment filed in this case because the same is legally insufficient, and in support of thereof, Defendant avers that:

1. Defendant, SEAN NELSON, is charged by way of an Indictment with three counts of violations of 21 USC § 841(a)(1), 841(b)(1)(A) and 841(b)(1)(B), and 18 USC § 2, on several different occasions, respectively.

2. The Sixth Amendment to the United States Constitution guarantees every defendant the right to be informed of the government's accusation against him. Russell v. U. S., 369 U. S. 749, 761, 82 S. Ct. 1038, 1045 (1962).

3. The accusation must be legally sufficient, i.e., it must assert facts which in law amount to an offense and which, if proved, would establish prima facie the accused's commission of that offense. Fleisher v. U. S., 308 U. S. 218, 58 S. Ct. 148 (1937). See



also <u>United States v. Cruikshank</u>, 92 U. S. 542, 558, 23 L. Ed. 588 (1876), which mentions an additional element, **"to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction...."**

4. Rule 7( c)(1) of the Federal Rules of Criminal Procedure clearly requires that an Indictment shall be a plain, concise and definite written statement of **the essential facts** consisting the offense charged.

5. Here, all three counts are couched in conclusions, "the Defendant, Sean Nelson, knowingly and intentionally posses with intent to distribute." There are no facts alleged to support these conclusions. Hence all three counts are legally insufficient to satisfy the constitutional minimal requirements for charging the defendant in this case.

6. Defendant is prejudiced in the adequate preparation of his defense in this case because, arguably, he could be found guilty on a charge of possession, notwithstanding that it appears that the grand jury found sufficient probable cause for a charge of distribution. The both are not necessarily mutually inclusive, and Defendant has a right to only answer the charges made against him by the grand jury.

WHEREFORE, the Defendant, SEAN NELSON, respectfully moves this court for the entry of an Order dismissing the Indictment in this case.

JAMES O. WALKER, III, Esq.
Attorney for Defendant
1339 N. E. 4th Avenue
Fort Lauderdale, FL 33304
(954) 527-1194
FBN: 294829

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion To Dismiss Indictment has been furnished to the office of Kathleen Rice, Esq., Assistant U. S. Attorney, Suite 700, 500 East Broward Boulevard, Fort Lauderdale, FL 33394, by regular U. S. Mail, this 8th day of May, 2001.

_____
JAMES O. WALKER, III, Esq.
Attorney for Defendant
1339 N. E. 4th Avenue
Fort Lauderdale, FL 3330
(954) 527-1194
FBN: 294829