UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 00-6350-CR-FERGUSON

UNITES STATES OF AMERICA,

    Plaintiff,

vs.

SEAN NELSON,

    Defendant.
_____/



## DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

COMES NOW Defendant, SEAN NELSON, by and through undersigned counsel, pursuant to Rules 8(a) of the Federal Rules of Criminal Procedure and moves to dismiss the Indictment filed in this case because the same is duplicitous, and in support of thereof, Defendant avers that:

1. Defendant, SEAN NELSON, is charged by way of an Indictment with three counts of violations of 21 USC § 841(a)(1), 841(b)(1)(A) and 841(b)(1)(B), and 18 USC § 2.

2. Here, all three counts of the Indictment allege that: "the Defendant, Sean Nelson, knowingly and intentionally posses with intent to distribute." A review of the government's discovery submission discloses that there were apparently three episodes where defendant herein allegedly made three separate cocaine sales to a confidential informant.



3. Rule 8(a) of the Federal Rules of Criminal Procedure provides for the filing of two or more offenses to be charged in the same indictment, an indictment is duplicitous if more than a single crime is charged in one count of an indictment. United States v. Ramos, 666 F. 2d 473 (11 Cir. 1982).

4. The vices of duplicity arise from the breaches of defendant's rights under the Sixth Amendment to knowledge of the charges against him, since a conviction on a duplicitous count could be obtained without a unanimous verdict as to each of the offenses contained in the count. See United States v. Aguilar, 756 F. 2d 1418, 1420n 1.

5. In each of the three counts in this case, it appears that the government has charged separate offenses in each count.

6. Defendant is prejudiced in the adequate preparation of his defense in this case because, arguably, he could be found guilty on a charge of possession, notwithstanding that it appears that the grand jury found sufficient probable cause for a charge of distribution. The both are not necessarily mutually inclusive, and Defendant has a right to only answer the charges made against him by the grand jury.

WHEREFORE, the Defendant, SEAN NELSON, respectfully moves this court for the entry of an Order dismissing the Indictment in this case.

JAMES O. WALKER, III, Esq.
Attorney for Defendant
1339 N. E. 4th Avenue
Fort Lauderdale, FL 33304
(954) 527-1194
FBN: 294829

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion To Dismiss Indictment has been furnished to the office of Kathleen Rice, Esq., Assistant U. S. Attorney, Suite 700, 500 East Broward Boulevard, Fort Lauderdale, FL 33394, by regular U. S. Mail, this 8th day of May, 2001.

_____
JAMES O. WALKER, III, Esq.
Attorney for Defendant
1339 N. E. 4th Avenue
Fort Lauderdale, FL 3330
(954) 527-1194
FBN: 294829