UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6350-Cr-Ferguson/Snow

01-7813

CIV-FERGUSON

MAGISTRATE JUDGE SNOW

FILED BY ___ D.C.
01 NOV 29
CLARENCE MADDOX

---------------------------------------------X

UNITED STATES OF AMERICA,
Plaintiff,

Vs.

SEAN NELSON,
Defendant.

---------------------------------------------X

**MEMORANDUM IN SUPPORT OF MOTION TO VACATE SENTENCE UNDER 28 U.S.C. 2255**

**I.**
**STATEMENT OF THE CASE**

1. On December 14, 2000 defendant was charged with 3 counts of violating 21 U.S.C. 841(a)(1) (DE 3).

2. On June 5, 2001 defendant plead guilty, pursuant to a written plea agreement (DE 28), to Count 2 of the indictment.



3. On August 17, 2001 defendant was sentenced to a term of 120 months imprisonment, 5 years supervised release and $100 special assessment (DE 31). Counts 1 and 3 were dismissed on motion of the government. *Id.*[1]

4. Defendant's retained counsel, James O. Walker, III, Esq., failed to consult with the defendant regarding the potential for the filing of a direct appeal nor did counsel file a timely Notice of Appeal within the 10 day period specified by Rule 4(b)(1)(A), Fed. R. App. P.

5. However, on September 19, 2001 Mr. Walker filed a Motion for Extension of Time [Within Which] To File Notice of Appeal (DE 34),[2] the same being granted by order dated October 18, 2001 (DE 35) subject to the condition that "A notice of appeal shall be filed no later than October 20, 2001." *Id.*[3]

5. The record does not indicate that a notice of appeal was filed by

---

1 The original Order of Judgment (DE 32) erroneously reflected that defendant was sentenced upon Counts 1 and 3. Thereafter, the Court *sua sponte* issued an Amended Order of Judgment (DE 33) properly reflecting the conviction and sentence upon Count 2.

2 The motion stated that defendant notified counsel of a desire to take a direct appeal from the order of judgment and sentence in this case. *Id.* at para. 5.

3 Rule 4(b)(4). Fed. R. App. P. permits the Court, (before or after the time has expired) upon a finding of good cause or excusable neglect, to extend the time to file a notice of appeal "for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." *Id.*

the designated date.

6. Undersigned counsel was retained this date to take steps necessary to obtain direct review of the order of judgment and sentence in this case.

## II.
## SUMMARY OF ARGUMENT

Defendant was denied the Sixth Amendment right to receive effective assistance of counsel at sentencing and in connection with the first direct appeal of right by reason of trial counsel's failure to file a timely notice of appeal. *See* Roe v. Flores-Ortega, 528 U.S. 470 (2000). The proper remedy to enable defendant to prosecute a direct appeal is to vacate the sentence upon a proper showing and to resentence the defendant at which time he would have 10 days within which to file a timely notice of appeal. *See* United States v. Phillips, 235 F.3d 1198, 1201 (11th Cir. 2000).

## III.
## JURISDICTION

This court has jurisdiction to consider the instant motion under Section 105 of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214 which requires that motions under Section 2255 of Title 28, United States Code, be brought within 1 year of the date upon which the judgment has become final.

**IV.**
**DEFENDANT WAS DENIED THE RIGHT TO RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL IN CONNECTION WITH THE FILING OF A DIRECT APPEAL IN THIS CASE**

It is well-settled that a defendant claiming ineffective assistance of counsel must show (1) that counsel's representation "fell below an objective standard of reasonableness" and (2) that counsel's deficient performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 688-94 (1984); Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000).

Last Term, the Court held that:

> [C]ounsel has a constitutionally-imposed duty to to consult with the defendant about an appeal when there is reason to think either (1) that a rationale defendant would want to appeal. . ., or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000).

On this record, it is manifestly evident that defendant was deprived of the right to receive effective assistance of counsel because he was constructively denied counsel where such counsel failed to consult with the defendant concerning the potential for an appeal during the period mandated by Rule 4(b).

At all relevant times, defendant intended to pursue a direct appeal and sought the assistance of retained counsel for that specific purpose. *See* Declaration of Sean Nelson, attached. *See also* Motion For Extension of Time (DE 34). Notwithstanding the granting of the motion for extension, defendant's counsel failed to file a timely notice of appeal. As such, defendant was prejudiced because there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal and file a timely notice, he would have timely appealed. Roe v. Flores-Ortega, *supra* at 484.

**V.**
**CONCLUSION**

In order to remedy this manifest injustice and reinstate defendant to the position *status quo ante*, the sentence should be vacated, a writ of habeas corpus *ad prosequendum* should issue forthwith directing the US Marshal to produce Sean Nelson (Reg. No. 55699-004) before the Court for resentencing at a date and time to be determined, at the conclusion of which defendant may file a timely Notice of Appeal and proceed with further review, as indicated.

For these reasons, it is respectfully prayed that an order issue granting the requested relief and that the District Judge should retain jurisdiction over this matter to facilitate the continuity of proceedings in the absence of a

significant factual or legal dispute that would otherwise warrant a referral to the Magistrate Judge for a Report & Recommendation pursuant to 28 U.S.C. 636.

WHEREFORE, the sentence should be summarily vacated and defendant produced before the Court for resentencing.

Respectfully submitted,

**BENSON B. WEINTRAUB, Esq.**
Counsel for Defendant (Nelson)
One East Broward Blvd. # 700
Ft. Lauderdale, FL. 33301
Tel. 954 713 8018
Fax 954 713 8019
http://federalsentencing.net

By: ____________________
**BENSON B. WEINTRAUB**
Florida Bar No. 0486418

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing was sent by Mail this 29th day of November 2001 to: Kathleen Rice, AUSA 500 East Broward Blvd. 7th Floor Ft. Lauderdale, FL. 33301; James O. Walker, III, Esq., 1339 NE 4th Avenue Ft. Lauderdale, FL. 33304.

____________________