UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6350-CR-~~FERGUSON/SNOW~~ Gold/Simonton

UNITED STATES OF AMERICA

vs

SEAN NELSON

### MOTION 18 U.S.C.§ 3582(c)(2) TO MODIFY AND CORRECT SENTENCE

**COMES NOW INTO THE COURT,** Sean Nelson, defendant, petitioner, movant hereinafter moves this Court to review, modify and correct sentence pursuant to U.S.S.G.§ 2D1.1 found in the advisory guidelines.

On June 5, 2001, the defendant pleaded guilty to Count II of a three-count indictment, charging him with possession of a Controlled Substance II with intent to distribute; 21 U.S.C.§ 841(a)(1),(b)(1)(A). The United States of America and Sean Nelson (hereinafter referred to as the "defendant") enter into a plea agreement. Pursuant to a written plea agreement, the Government agreed to dimiss the remaining two counts after sentencing. The government also, agreed that the United States will <u>not</u> oppose a three-level reduction for acceptance of responsibility pursuant to U.S.S.G.§ 3E1.1 of the advisory guidelines.

The parties recommend that pursuant to U.S.S.G.§ 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in certain cases) of the sentencing guidelines and 18 U.S.C.§ 3553(f)(1)-(5) set forth below:

(1) the defendant does not have more than **1** criminal history point as determined under the sentencing guidines before application of subsection (b) of § 4A1.3 (Departures Based on Indequacy of Criminal History Category); Nelson contends that offense charged on 12/9/98,

simple possession of cannabis,field tested positive for marijuana.
Case No. 98-32532 MMLOA,**no sentence was imposed** and Nelson served
no jail time for the offense.However,defendant paid a $143.00 fine
and court cost and participated in a State Program for drug treat-
**ment**. Pursuant to U.S.S.G.§ 4A1.2(c)(2) OF THE SENTENCING GUIDELINES
sentences for certain specified non-felony offenses are[n]ever counted
and prior sentence of imprisonment of less than 30 days,no points
are counted; (Departure is required based on inadequacy of Criminal
History Category).

In addition,18 U.S.C.§ 3553(f) provides an exception to the appli-
cability of mandatory minimum sentences in certain cases,not later
than the time of the sentencing hearing,the defendant has truthfully
provided the government all information and evidence the defendant
has concerning the offense or offenses that were part of the same
course of conduct or of a common scheme or plan,but the fact that
the defendant has no relevant or useful information to provide or
that the Government is already aware of the information shall not
preclude a determination by the court that the defendant has com-
plied with this requirement.

Nelson clearly demonstrates acceptance of responsibility for his
offense,decrease,decrease of the <u>Base Offense Level is 2 levels</u>.
Nelson has assisted authorities in the investigation or prosecution
of his own misconduct by timely notifying authorities of his inten-
tion  to enter a plea of guilty,thereby permitting the Government
to avoid preparing for trial and permitting the government and the
court to allocate their resources efficiently,decrease of the Base
<u>Offense Level by 1 additional level</u>.

The parties recommend that the court impose a sentence within the

2

sentencing advisory guideline range without regard to any statutory minimum sentence, provided the defendant meet the criteria of those sections.

(2) The Government never questioned the truthfulness of any of Nelson's statements or contended that he played any role in or had any knowledge of, other aspects of the offenses described in the indictment and dismissed charges.

(3) The sentencing commission simplifies criminal history and minor offense guidelines; sentencing commission eliminated the terms from § 4A1.2(A)(2) and instead used the terms "single" and "separate" sentences. Prior sentences for conduct that is part of the instant offense are separately addressed under § 4A1.2(A)(1) and Application Note #1 of the guidelines. The amendment adresses the use of misdemeanor and petty offenses in determining a defendant's criminal history score. Sections § 4A1.2(c)(1) -(2), govern whether and when certain misdemeanor and petty offenses are counted. The commission's amendment responds to concerns that...(a) some misdemeanor and petty offenses counted under the guidelines involve conduct that is not serious enough to warrant increased punishment upon sentencing for a subsequent offense; (b) the presence of a prior misdemeanor or petty offense in a rare case can affect the sentence in the instant offense in a way that is greatly disproptionate to the seriousness of the prior offense, such as, when a prior offense alone disqualifies a defendant from safety valve eligibility; (c) jurisdictional differences in defining misdemeanor and petty offenses can result in inconsistent application of criminal history points for substantially similar conduct.

3

## DISCUSSION

Sentencing...100:1 Ratio; U.S.S.G.§ 2D1.1

The sentencing guidelines fix sentences for offenses involving cocaine by treating a quantity of crack as the equivalent of 100 times the same quantity of powder. This 100:1 ratio first appeared in a mandatory statute enacted at the same time that the guide-lines were being drafted. The U.S.Sentencing Commission decided to incorporate this ratio into the guidelines governing all crack offenses.

On November 1,2007,the Sentencing Commission admended the 100:1 and concluded that a lower ratio would better achieve the general sentencing goals set out in Section § 3553(a). Effective November 1, 2007,U.S.Sentencing Guideline § 2D1.1 was amended. The effect of this amendment was to lower the Base Offense Level for "crack" cocaine offenses by 2 **points.**

On November 13,2007,the Sentencing Commission made amendment to formal § 2D1.1 guidelines that reduce the equivalency ratio for sentences retroactive in a way that requires district courts the **discretion** to reduce a prisoner's sentence. However,the mandatory minimum statutes of the ratio reduction in the sentencing commission guideline amendment indicate that lawmakers intend that the manda-tory minimum statute and the advisory guidelines to work in"tandem" and that "any ratio should apply consistently across the Guidelines and the statute."See U.S. vs LEATCH,482 F.3d,790 (5th Cir.2007). Nelson,hereinafter,request that the district court deviate from the mandatory minimum based on the sentencing commission's amendment under § 2D1.1 of the advisory guidelines and modify his mandatory minimum sentence of 120 months.

In light of U.S. vs BOOKER,543 U.S.220,125 S.Ct.738,160L.Ed 2d,621
(2005). Nelson is seeking a downward departure,he is asking district
court "to do what has become law under the sentencing commission's
amendment of § 2D1.1...of looking at [crack-cocaine cases] and ap-
plying some rule of reasonableness.to those guidelines."

For example, Base Offense Level assigned to at least 50 grams but
less than 150 grams of crack-cocaine has been adjusted downward to
Offense Level 30; Acceptance of Responsibility -3 points, Safety
Valve -2 points, Criminal History Category I .

Nelson's <u>Offense Level Computation</u>, Base Offense Level: 25
Category Criminal History I , 63-78 months.

The  term "reasonableness" describes a standard that requires some
consideration of the Sentencing Commission's goal of eliminating
**unfairness** in sentences. The reasonableness standard requires a
system that complies with the Sixth Amendment, where judges review
the substance of sentences for both "fairness" and "excessiveness".
In Booker,the sentencing guidelines are no longer mandatory and they
"**are**" constrained by the "individualized,case-specific factors spelled
out in 18 U.S.C.§ 3553(a)" when crafting apt punishment. U.S. vs
TZEP-MEJIA,461 F.3d,522-27 (5th Cir.2006).

See RITA vs UNITED STATES,127 S.Ct.2465,2468(2007),district court
may conclude that the guideline sentence fails to reflect § 3553(a).
Nelson request as an alternative to the 100:1 "crack-powder ratio"
sentence,reflected by the formal §2D1.1 guidelines, (a 25:1 ratio
recommended by the Sentencing Commission's amendment of § 2D1.1 as
 [better] suited to the goals of § 3553(a) in the interest of justice).
Nelson contends that the sentencing commission's application of the
25:1 ratio yield him a new sentencing range, a **lesser** penalty than
the range corresponding to the 100:1 ratio; (mandatory minimum)
sentence.

**WHEREFORE,** petitioner has given reasons why specific factors in 18 U.S.C.§ 3553(a)-(f) is applicable sentencing punishment, these reasons mean that the district court(judge) is free to make its own "reasonable discretion".

## RELIEF SOUGHT

Petitioner ask the judge to make the independent assessment under 18 U.S.C.§ 3553(a), modify his sentence, pursuant to BOOKER and RITA, that an advisory guideline range based on a "higher" ration reflect an unsound judgement on the part of the sentencing commission, and should not be followed.

## SUMMARY

Counsel rendered ineffective assistance of counsel by failing to object to the Government's breach of the plea agreement; 2 points for the safety valve; 3 points acceptance of responsibility, guilty plea; and application of criminal history 1 point (counted for a misdemeanor); fell below reasonableness. Nelson believe that without these deficiencies the outcome would have been different to the ends of justice. The § 3553(a) factors justified a significant **variance** in Nelson's punishment; causing a miscarriage of justice, in violation of the Sixth Amendment, (counsel,s duty of competence).

<div style="text-align: right">

Sean Nelson #55699-004
Federal Correction Institution
P.O.Box 15330
Ft.Worth,Texas 76119

_Sean Nelson_
Sean Nelson

</div>

## CONCLUSION

Nelson's plea agreement was breached by the government;and Nelson was denied a full three-point reduction in his sentence for acceptance of responsibility. SANTOBELLO vs NEW YORK,404 U.S.257,262, 92 S.Ct.495,499, 30 L.Ed.2d,427 (1971). While the choice of a remedy is within the discretion of the judge rather than the defendant, however the remedy of the district court applying the sentencing guidelines a three-point decrease(reduction) Nelson would not have received a mandatory minimum sentence. The counting of criminal history point for misdemeanor precluded Nelson from receving Safety Valve. Moreover,Nelson accepted responsibility under U.S.S.G.§ 3E1.1 and no sentence was imposed for the misdemeanor offense charged on December 9,1998,however,the one-point reduction application may be reviewed **de novo.** UNITED STATES vs McPHEE, 108 F.3d,287,289 (11th Circuit 1997).

District Court erred because it considered hearsay in sentencing him. The district court's response to the Presentence Investigation(PSI) variance from the Government stipulation was the duty of Nelson's attorney to object,(ineffective assistance of counsel).

Section 3E1.1 require that the sentencing court grant a three-point reduction if it determines that Nelson accepted responsibility and did so in a timely way.

7

## CERTIFICATE OF SERVICE

I,Sean Nelson hereby certify that a true and correct copy of this
Motion § 3582(c)(2) to Modify Sentence and Plea Agreement was mailed
by U.S.Postal Service to Clerk of United States District Court,
Clarence Maddox,Southern District of Florida,Federal Courthouse,
East Broward Boulevard,Fort Lauderdale,Florida,on this _26_ day
of _December_____,2007.


                                    RESPECTFULLY SUBMITTED,

                                    _Sean Nelson___
                                    SEAN NELSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6350-CR-FERGUSON

UNITED STATES OF AMERICA,
                    Plaintiff,

            vs.                                    MINUTES CHANGE OF PLEA

SEAN NELSON, (B)
                    Defendant.

_____/

FILED by ___ D.C.

JUN 5 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

On June 5, 2001, the above-named defendant appeared in person
before the Honorable WILKIE D. FERGUSON, JR., United States
District Judge, with counsel James Walker, Esq, appointed by the
**Court/retained** by the defendant, and said defendant stated in open
court that **he/her** desired to withdraw the plea of not guilty
heretofore entered and desired to enter a plea of guilty as to
count(s)    the indictment. After the defendant was duly sworn,
the Court made inquiry as to guilt.  The Court, being satisfied
there was a factual basis for the plea, accepted the plea of guilty
and found the defendant guilty as charged.

    Whereupon:

    (  )    The Court proceeded to pronounce sentence.

    (X)     The Court postponed sentencing until August 17, 2001
            9:30 a.m.,

    (X)     and the defendant was allowed to remain on present
            bond until then;

    (  )    and the defendant remanded to the custody of the
            U.S. Marshal until a $_____ bond is posted;

    (  )    and the defendant was remanded to the custody of the
            U.S. Marshal awaiting sentencing.

Judge Wilkie D. Ferguson, JR.
Reporter Brynn Dockstader
Clerk Troy T. Walker

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6350-CR-FERGUSON/SNOW

UNITED STATES OF AMERICA,

-vs-

SEAN NELSON,

Defendant.
_____/



FILED by _____ D.C.

[JUN 5. 2001

CLARENCE MADDOX
C E _ . U.S. DIST. CT.
S/D OF FLA. FT. LAUD.

## PLEA AGREEMENT

The United States of America and SEAN NELSON (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count Two of the indictment, which count charges that the defendant did knowingly and intentionally possess with intent to distribute at least fifty (50) grams of a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine base, commonly known as crack cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A).

2. The United States agrees to seek dismissal of Counts One and Three of the indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed in conformity with the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"), and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may

depart from the applicable guideline range and impose a sentence that is either more severe or less severe than the guidelines range. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the court must impose a minimum term of imprisonment of 10 years and may impose a statutory maximum term of imprisonment of up to life imprisonment, followed by a term of supervised release. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $4,000,000.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office) reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the court reduce by three levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section

2

3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. However, the United States will not be required to make this sentencing recommendation if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that, pursuant to Section 5C1.2 of the Sentencing Guidelines, the court impose a sentence within the sentencing guideline range without regard to any statutory minimum sentence identified in paragraph 4 above, provided that:

(a) defendant is not found to have more than one criminal history point, as determined under the Sentencing Guidelines;

(b) not later than the time of the sentencing hearing the defendant provides to the United States a written statement truthfully setting forth all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan as charged in the indictment; and

(c) the defendant is not found to have used violence or threats of violence, or to have possessed a firearm or other dangerous weapon in connection with the offense; that the offense did not result in death or serious bodily injury to any person; and that the defendant is not found to have been an organizer, leader, manager or supervisor of others in the offense.

<div align="center">3</div>

9. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

10. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

GUY A. LEWIS
UNITED STATES ATTORNEY

Date: 6/5/01                    By: _____
                                    KATHLEEN RICE
                                    ASSISTANT UNITED STATES ATTORNEY

Date: 6-5-01                    By: _____
                                    JAMES O. WALKER, III
                                    ATTORNEY FOR DEFENDANT

Date: 6-5-01                    By: _____
                                    SEAN NELSON
                                    DEFENDANT

4

## "AFFIDAVIT For Acceptance of Responsibility"

I, SEAN NELSON, solemnly swear deposes and says:

I have been working persistently to change my faulty-thinking and criminal behavior. I have learned a lot since being incarcerated. I am willing to change my life style and be a better person, a better father to my children.

I accept full responsibility for the crime/offense that I committed. My life in prison has taught me how to be a faithful member of society and a law-abiding citizen. I realize that my illegal activities have caused my family and children much suffering physically, mentally, and financially.

I pray that my liberty will be upheld by the court. My plan is to seek employment (legally), spend quality time with my family and children, and gain credibility and respect in the community. I plan to interact with positive persons. I am going to involve myself in some community group supportive of youths and young adults and perhaps help educate them about the harm of drugs. Whether it is using or selling drug the consequences are damaging. Your Honor; I am enclosing copies of me and my children's correspondence, letters of classes, Certificates of Completion, that the court may deem as part of my rehabilitation and re-entry into society. Furthermore, I have no violence in my criminal hist, and I am not a threat to society.

Thank You; Your Honorable for taking this time to read my affidavit.

Date: 12-26-07

Signed: Sean Nelson

Sincerely,
Inmate Sean Nelson

```
FTWLT          *          INMATE EDUCATION DATA        *      12-18-2007
PAGE 001 OF 001 *              TRANSCRIPT               *      09:07:12

REGISTER NO: 55699-004    NAME..: NELSON                   FUNC: PRT
FORMAT.....: TRANSCRIPT    RSP OF: FTW-FORT WORTH FCI

--------------------------- EDUCATION INFORMATION ---------------------------
FACL ASSIGNMENT DESCRIPTION                 START DATE/TIME STOP DATE/TIME
FTW  ESL HAS    ENGLISH PROFICIENT          10-15-2001 1808 CURRENT
FTW  GED DN     DROPPED GED NON-PROMOTABLE  03-01-2006 0815 CURRENT
FTW  GED UNSAT  GED PROGRESS UNSATISFACTORY 05-13-2003 1300 CURRENT

--------------------------- EDUCATION COURSES ---------------------------
SUB-FACL   DESCRIPTION                 START DATE  STOP DATE EVNT AC LV   HRS
OAK        SELF STUDY/MEMORY           06-28-2007 07-05-2007  P   C  P      8
OAK        SELF STUDY/STUDY (RP6)      06-21-2007 06-26-2007  P   C  P      8
OAK        SELF STUDY/DISAGREEMENT     06-18-2007 06-21-2007  P   C  P      8
OAK        SELF STUDY/PEERS            06-11-2007 06-18-2007  P   C  P      8
OAK        THE JOY OF STRESS (RP6)     06-11-2007 06-14-2007  P   C  P      8
OAK        SELF STUDY/ETHICS           06-07-2007 06-11-2007  P   C  P      8
OAK        SELF STUDY/BLD TRUST (RP6)  06-04-2007 06-07-2007  P   C  P      8
OAK        FIN MGT./FAMILY (RP3)       06-06-2007 06-06-2007  P   C  P      2
OAK        SELF STUDY/JOB SEARCH (RP2) 05-31-2007 06-04-2007  P   C  P      8
TRV        BEG WALKERS WELLNESS (HN)   11-14-2005 01-25-2006  P   C  P      3
FOR        PRE GED 1-3 FCI M-F         04-22-2003 05-13-2003  P   W  V    248
FOR        PRE GED 1-3 FCI M-F         01-15-2002 07-02-2002  P   W  I    216

--------------------------- HIGH TEST SCORES ---------------------------
TEST          SUBTEST       SCORE    TEST DATE    TEST FACL  FORM     STATE
ABLE          LANGUAGE       2.6     01-10-2002     FOR
              NUMBER OPR     4.7     01-10-2002     FOR
              PROB SOLV      4.7     04-04-2003     FOR
              READ COMP      5.2     01-10-2002     FOR
              SPELLING       6.1     01-10-2002     FOR
              VOCABULARY     2.6     01-10-2002     FOR




G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

BP-S761.055    **RESIDENTIAL DRUG ABUSE PROGRAM NOTICE TO INMATE**    CDFRM
JAN 04

**U.S. DEPARTMENT OF JUSTICE**                                    FEDERAL BUREAU OF PRISONS

| To<br>Nelson, Sean | Reg No.<br>55699-004 |
|---|---|
| From<br>Dr. Barbara Moorehead | Institution<br>FCI Oakdale |
| Title<br>Chief of Psychology Services | Date<br>20 Septmeber 2007 |

**SECTION 1 - RESIDENTIAL DRUG ABUSE PROGRAM QUALIFICATION**

You have requested participation in the Bureau's Residential Drug Abuse Treatment Program. My review of your case indicates that you ( X **DO** ___ **DO NOT**) meet the admission's criteria for the Residential Drug Abuse Program.  It appears that you ( X **DO** ___ **DO NOT**) qualify to participate in the Residential Program.  State the reason(s) below.

| Comments |
|---|
| |

**SECTION 2 - PROVISIONAL § 3621 (E) ELIGIBILITY** (To be completed only if the inmate has completed or qualifies for the Residential Drug Abuse Treatment Program.)

For Residential Drug Abuse Treatment Program graduates to be eligible for early release, they must (DAPC must "x")

| | |
|---|---|
| X Not an INS detainee. | X Not a pre-trial inmate. |
| X Not a contractual boarder. | X Not an "old law" inmate. |
| X Not have a current crime that is an excluding offense in BOP categorization of offenses policy (Mark an "x" in the appropriate block on the right). | X Not a crime of violence as contained in BOP Categorization of Offenses policy.<br><br>X Not an excluding crime by the Director's discretion in Categorization of Offenses policy. |
| X Not have any prior felony or misdemeanor adult conviction for homicide, forcible rape, robbery, aggravated assault, or sexual abuse of children. | |

My current assessment, in consultation with your unit team, is that it( X **DOES** ___ **DOES NOT**) appear that you are provisionally eligible for early release.  If not, list **ALL** the reason(s).

| Comments |
|---|
| |

**If applicable, I understand that a determination of early release for me is <u>provisional, may change</u>, and depends on continued positive behavior and successful participation in all components of the program, including community transitional services.**

| Inmate's Signature (indicate if refused to sign)<br>*Sean Nelson* | Refused to sign<br>___ Yes  ___ No |
|---|---|

cc: Drug Abuse Treatment File; Unit Team (place in section 4 of inmate central file; Inmate

(This form may be replicated via WP)                    (This form replaces BP-S761 dtd DEC 03)



# Certificate of Completion

*Awarded to:*

NELSON SEAN 55699-004

*For successfully completing a class in*

ALCOHOLICS/NARCOTICS ANONYMOUS 10 MEETING.

*On this* 9TH *day of* FEBRUARY 2006.

*At the Federal Correctional Institution,*
*Psychology Department, Three Rivers, Texas.*

*Juan Ramos, DTS*

*Psychology Department, M.S.*

*Lynn Kaufman, Ph.D., Chief Psychologist*



# Certificate of Completion

*Awarded to:*

—— NELSON   SEAN   55699-004 ——

*For successfully completing a class in*

CHOICE  &  CHANGE  27HR.  DRUG  EDUCATION

*On this* 27TH *day of* DECEMBER , 2005 .

*At the Federal Correctional Institution,
Three Rivers, Texas.*

*Psychology Department,*

June Ramos, M.S.

Lynn Kaufman, Ph.D., Chief Psychologist

# Certificate of Achievement

## This certifies that

SEAN NELSON

### has satisfactorily completed

FINANCIAL MANAGEMENT FOR THE HOME AND FAMILY

### Consisting of __2__ Hours of Training

This certificate is hereby issued this __7th__ day of __JUNE__, 20 __07__

FCI OAKDALE

# Certificate of Achievement

**This certifies that**

SEAN NELSON

**has satisfactorily completed**

THE JOY OF STRESS

Consisting of ___8___ **Hours of Training**

This certificate is hereby issued this ___14th___ day of ___JUNE___, 20 ___07___

FCI OAKDALE





# CERTIFICATE OF COMPLETION

MAY IT BE KNOWN THAT THIS CERTIFICATE HAS BEEN PRESENTED TO

*Sean Nelson*

FOR COMPLETION OF THE F.C.I. THREE RIVERS BEGINNERS WALK CLUB

ON THIS 18TH DAY OF JANUARY, 2006

*250 Miles*

R. HAYES, RECREATION SPECIALIST

P. TARANGO, SUPERVISOR OF RECREATION

# 2004 B-League Basketball Tournament Champions



## HEAT

AWARDED TO

*SEAN NELSON*

*ON THIS 28TH DAY OF*
*SEPTEMBER, 2004*

**F.C.I. THREE RIVERS**

*R. Hatley, Recreation Specialist*





University Place Elementary
4503 University Dr
Huntsville, AL 35816
256-428-7440

**Grade Report for 2006-2007 Academic Year**

Date Run: 5/21/07    10:40AM

To the Parent/Guardian of:
Nelson, TaSeanah
4524Bonnell Drive Apt A
Huntsville, AL 35816

Id: 592694428     Grade: 04
HR: 0403     Powell, Totumoh A.
Counselor: Harris, Cassandra W.
Yearly Abs:  6.0   Tdy: 1   GP Abs:   0.0  Tdy  0

**Student Promoted**

| Course | | Pd | Teacher(s) | 1st GRD | 2nd GRD | 3rd GRD | 4th GRD | YR |
|--------|--|----|-----------|---------|---------|---------|---------|-----|
| 401.03 | Reading Grade 4 | 1 | Powell, T. | 96 | 91 | 93 | 94 | 94 |
| 402.03 | English Grade 4 | 1 | Powell, T. | 99 | 97 | 89 | 98 | 96 |
| 403.03 | Spelling Grade 4 | 1 | Powell, T. | 97 | 100 | 95 | 99 | 98 |
| 405.03 | Mathematics Grade 4 | 1 | Powell, T. | 82 | 95 | 92 | 91 | 90 |
| 406.03 | Science/Health Gr4 | 1 | Powell, T. | 85 | 91 | 96 | 98 | 93 |
| 407.03 | Social Studies Gr4 | 1 | Powell, T. | | 100 | 100 | 96 | 99 |
| 804.03 | Handwriting Grade 4 | 1 | Powell, T. | G | G | G | G | G |
| 854.03 | Physical Education 4 | 1 | Latty, M. | G | G | G | G | G |
| 884.03 | Music Grade 4 | 1 | Reasons, A. | G | G | G | G | G |
| 894.03 | Art Grade 4 | 1 | Lowery, K. | G | G | G | G | G |
| 904.03 | Conduct Grade 4 | 1 | Powell, T. | G | G | G | G | G |

**Announcements**
Have A Great Summer!!
School Reopens on Wednesday, August 8, 2007

University Place Elementary
4503 University Dr
Huntsville, AL 35816
256-428-7440

**Grade Report for 2006-2007 Academic Year**

Date Run: 5/21/07    10:40AM

To the Parent/Guardian of:
Nelson, Seanteriya
4524 Bonnell Drive Apt A
Huntsville, AL 35816

Id:  591610009       Grade: 04
HR: 0403       Powell, Totumoh A.
Counselor:  Harris, Cassandra W.
Yearly Abs:  8.0   Tdy: 1    GP Abs:  2.0 Tdy: 0

**Student Promoted**

| Course | | Pd | Teacher(s) | 1st GRD | 2nd GRD | 3rd GRD | 4th GRD | YR |
|--------|--|----|-----------|---------|---------|---------|---------|-----|
| 401.03 | Reading Grade 4 | 1 | Powell, T. | 88 | 75 | 72 | 80 | 79 |
| 402.03 | English Grade 4 | 1 | Powell, T. | 73 | 75 | 63 | 82 | 73 |
| 403.03 | Spelling Grade 4 | 1 | Powell, T. | 89 | 83 | 81 | 80 | 83 |
| 405.03 | Mathematics Grade 4 | 1 | Powell, T. | 70 | 71 | 75 | 77 | 73 |
| 406.03 | Science/Health Gr4 | 1 | Powell, T. | 85 | 61 | 81 | 76 | 76 |
| 407.03 | Social Studies Gr4 | 1 | Powell, T. | | 82 | 95 | 99 | 92 |
| 804.03 | Handwriting Grade 4 | 1 | Powell, T. | G | G | G | G | G |
| 854.03 | Physical Education 4 | 1 | Latty, M. | G | G | G | G | G |
| 884.03 | Music Grade 4 | 1 | Reasons, A. | G | G | G | G | G |
| 894.03 | Art Grade 4 | 1 | Lowery, K. | G | G | G | G | G |
| 904.03 | Conduct Grade 4 | 1 | Powell, T. | G | G | G | G | G |

**Announcements**

Have A Great Summer!!
School Reopens on Wednesday, August 8, 2007

University Place Elementary
45:'3 University Dr
Huntsville, AL 35816
256-428-7440

**Progress Report**  Nelson, Seanteriya
2006 -2007 Academic Year
Report Date: 4/19/07   3:11PM

*Lavoshea Marsh 4/19/07*
Parent/Guardian Signature
Activities:  3/15/07  Thru 5/24/07

To The Parents Of:
**Nelson, Seanteriya**
4524 Bonnell Drive Apt A
Huntsville, AL 35816

Grade: 04   Home Rm: 0403 Powell, Totumoh A.

## 4th

| COURSE | DESCRIPTION | TEACHER | AVERAGE |
|--------|-------------|---------|---------|
| 401.03 | Reading Grade 4 | Powell, T. | 77 |
| 402.03 | English Grade 4 | Powell, T. | 100 |
| 403.03 | Spelling Grade 4 | Powell, T. | 85 |
| 405.03 | Mathematics Grade 4 | Powell, T. | 77 |
| 406.03 | Science/Health Gr4 | Powell, T. | 79 |
| 407.03 | Social Studies Gr4 | Powell, T. | 100 |
| 804.03 | Handwriting Grade 4 | Powell, T. | No Scores Posted For This Course |
| 854.03 | Physical Education 4 | Latty, M. | No Scores Posted For This Course |
| 884.03 | Music Grade 4 | Reasons, A. | No Scores Posted For This Course |
| 894.03 | Art Grade 4 | Lowery, K. | No Scores Posted For This Course |
| 904.03 | Conduct Grade 4 | Powell, T. | No Scores Posted For This Course |



THIS CERTIFIES THAT

*Seanteriya Nelson*

has completed the Kindergarten course of study

and is therefore entitled to this

# KINDERGARTEN

*Certificate*

Given at *Orange Brook* this *5th* day of *June*, year of *2002*

*Jeanne M. Little*                    *Mrs. Green*

# SUPERINTENDENT'S HONOR ROLL

The Superintendent's Reading Motivation Project

## Reading Across Broward Salutes
## All Reading Motivation Programs

**Awarded To:** Seanteriya Nelson

**Superintendent of Schools** _____

Broward County
Public Schools

BROWARD COUNTY FLORIDA
Broward County Library

South Florida
Sun-Sentinel

Pizza Hut

Name: Nelson, Seanteriya
ID:
Class: Powell- 4th
Grade: Fourth
Year: 2006-2007
School: University Place Elementary
District: Huntsville City

**Dynamic Indicators of Basic Early Literacy Skills**
**Individual Student Performance Profile**

Legend
▨ Target Goal    ● Benchmark Assessment    ▲ Score Above Graph Bounds
○ Progress Monitoring Assessment    △ Score Above Graph Bounds

## PHONEMIC AWARENESS





## ALPHABETIC PRINCIPLE



## VOCABULARY



## FLUENCY AND COMPREHENSION





05/18/2007, 15

Name:     Nelson, TaSeanah
ID:
Class:    Powell- 4th
Grade:    Fourth
Year:     2006-2007
School:   University Place Elementary
District: Huntsville City

**Dynamic Indicators of Basic Early Literacy Skills**
**Individual Student Performance Profile**

| Legend | | |
|---|---|---|
| ▨ Target Goal | ● Benchmark Assessment<br>○ Progress Monitoring Assessment | ▲ Score Above Graph Bounds<br>△ Score Above Graph Bounds |

### PHONEMIC AWARENESS





### ALPHABETIC PRINCIPLE



### VOCABULARY



### FLUENCY AND COMPREHENSION





05/18/2007, 16

University Place Elementary
4503 University Dr
Huntsville, AL 35816
256-428-7440

**Progress Report**  Nelson, TaSeanah
2006 -2007 Academic Year
Report Date: 4/19/07   3:11PM

_LaTashica Marsh 4/19/07_
Parent/Guardian Signature
Activities: 3/15/07 Thru 5/24/07

To The Parents Of:
**Nelson, TaSeanah**
4524Bonnell Drive Apt A
Huntsville, AL 35816

Grade: 04   Home Rm: 0403 Powell, Totumoh A.

## 4th

| COURSE | DESCRIPTION | TEACHER | AVERAGE |
|--------|-------------|---------|---------|
| 401.03 | Reading Grade 4 | Powell, T. | 92 |
| 402.03 | English Grade 4 | Powell, T. | 100 |
| 403.03 | Spelling Grade 4 | Powell, T. | 98 |
| 405.03 | Mathematics Grade 4 | Powell, T. | 92 |
| 406.03 | Science/Health Gr4 | Powell, T. | 98 |
| 407.03 | Social Studies Gr4 | Powell, T. | 90 |
| 804.03 | Handwriting Grade 4 | Powell, T. | No Scores Posted For This Course |
| 854.03 | Physical Education 4 | Latty, M. | No Scores Posted For This Course |
| 884.03 | Music Grade 4 | Reasons, A. | No Scores Posted For This Course |
| 894.03 | Art Grade 4 | Lowery, K. | No Scores Posted For This Course |
| 904.03 | Conduct Grade 4 | Powell, T. | No Scores Posted For This Course |

| University Place Elementary<br>4503 University Dr<br>Huntsville, AL 35816<br>256-428-7440 | **Grade Report for 2006-2007 Academic Year**<br><br>Date Run: 3/26/07    3:14PM |
|---|---|

To the Parent/Guardian of:
Nelson, TaSeanah
4524Bonnell Drive Apt A
Huntsville, AL 35816

Id: 592694428    Grade: 04
HR: 0403    Powell, Totumoh A.
Counselor: Harris, Cassandra W.
Yearly Abs: 6.0    Tdy: 1    GP Abs: 3.0 Tdy: 0

| Course | | Pd | Teacher(s) | 1st GRD | 2nd GRD | 3rd GRD |
|---|---|---|---|---|---|---|
| 401.03 | Reading Grade 4 | 1 | Powell, T. | 96 | 91 | 93 |
| 402.03 | English Grade 4 | 1 | Powell, T. | 99 | 97 | 89 |
| 403.03 | Spelling Grade 4 | 1 | Powell, T. | 97 | 100 | 95 |
| 405.03 | Mathematics Grade 4 | 1 | Powell, T. | 82 | 95 | 92 |
| 406.03 | Science/Health Gr4 | 1 | Powell, T. | 85 | 91 | 96 |
| 407.03 | Social Studies Gr4 | 1 | Powell, T. | | 100 | 100 |
| 804.03 | Handwriting Grade 4 | 1 | Powell, T. | G | G | G |
| 854.03 | Physical Education 4 | 1 | Latty, M. | G | G | G |
| 884.03 | Music Grade 4 | 1 | Reasons, A. | G | G | G |
| 894.03 | Art Grade 4 | 1 | Lowery, K. | G | G | G |
| 904.03 | Conduct Grade 4 | 1 | Powell, T. | G | G | G |



**Announcements**

Kindergarten Registration March 28    SAT Testing April 2 - 13
Be on time each day of testing!!    Picture Day April 6

**Scale**

A=100 to 90 B=89 to 80 C=79 to 70 D=69 to 65
F=64 to 0

Principal's Initial _____    May Be Retained _____

_____  3/27/07
Parent/Guardian Signature

Time 11:32 P.me

10/ 10/2007

Dear, Daddy how are you doing I hope you are doing good Because I am doing good. I miss you so much Daddy do you miss me I hope you do Because I have not look at you and a long Time. we are moving in to a Big house With 4 Bed room and 2 Bathrooms. and I four Piaces. I can not wait To See You we love you.

11/17/07
5:46 p.m.

Dear Daddy how are you doing? I hope you are alright. We have been moving lately and organizing. We miss you so much and really want to see you. Also, I will remember to tell Dage-Bey why you can't write him. We haven't talked or heard from uncle David. As for school my grades are,

Reading - 94 / A
Spelling - 100 / A
English - 100 / A
Math - 100 / A
Social studies - 100 / A
Science - 100 / A

I hope you are interested in my grades. Daddy I love you so much and I can't wait to you get home. I love you with all my heart, and please write me back.

Love,
Seanah
A.K.A. (twin)

8:21 pm
Nov. 30, 2007

Dear Daddy, how are you doing? Well, I hope your okay. I miss you so much daddy and I'm ready for you to come home. So, for my grades my teacher said I may have all "A's" on my report card. We are all doing good and we're ready to see you. Daddy, can you send me page Bey's address because I want to write him. So, daddy when you remember get this letter that I love you with all my heart and thats an enormous organ. Please write me back and I love you.

Love,
Seanah or twin

Dear, Daddy how are you well I'm doing good and school. what about you. Do you know That I love so much with all my hart and soul and mind. are you go To write me Back. sorry about you Being mad at me. But I want you To know That I Trying my Best in school Because I don't like when you are mad at me. I Love you very much I Trying.

# I Love you!!!

XOXO XO XO