UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6350-CR-GOLD

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

SEAN NELSON ,

       Defendant.
_____/

### ORDER APPOINTING FEDERAL PUBLIC DEFENDER AND REQUIRING RESPONSES

The defendant has filed a *pro se* motion pursuant to 18 U.S.C. § 3582(c)(2) based upon the retroactivity of the crack amendment to the sentencing guidelines effective March 3, 2008, [DE 46]. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follow:

1) Pursuant to the provisions of the Criminal Justice Act, Title 18 U.S.C. § 3006A, the Office of the Federal Public Defender is appointed to represent the defendant, who is now indigent, to determine whether that defendant may qualify to seek a reduction of sentence and to supplement his/her application for reduction of sentence on or before **May 1, 2008**, in accordance with the revised base offense levels for crack cocaine, U.S.S.G. § 2D1.1. The Court's appointment of counsel shall not be interpreted as an indication by the Court of the defendant's eligibility for the relief requested.

2) The United States Attorney is ordered to respond to this motion on or before **May 1, 2008**. The Probation Office is required to provide the Court, on or before **May 1, 2008**, an updated short memo indicating whether the defendant is eligible for a reduction. In that short memo to the Court, the Probation Office shall include the following:

    (a) the amount of crack cocaine involved in the offense, specifically whether it is less than 4,500 grams;

    (b) the base offense level was greater than level 12 and not level 43, as offenders sentenced at unincluded levels were unaffected by the amendment;

    (c) the offender's final offense level was not derived from the career offender or armed career criminal guideline, as the amendment would not affect the sentencing range of any offender sentenced under these parts of the Guidelines;

    (d) the offender's original sentence was greater than any applicable statutory mandatory minimum punishment, unless the offender received relief from the mandatory minimum punishment pursuant to the statutory safety valve of 18 U.S.C. § 3553(f) or through a departure under § 5K1.1 of the Guidelines; and

    (e) the projected release date from prison, as well as any issues as to behavior in prison or danger to society if released.

    The attorneys for both sides are invited to submit a pleading in reference to these five factors on or before **May 1, 2008**.

    **DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of April, 2008.

_____
ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

Copies provided to:

AUSA Anne M. Schultz, Chief, Appellate Division

Federal Public Defender

Sean Nelson
Reg. No. 55699-004
FCI
P O Box 15330
Ft. Worth, TX 76119

U.S. Probation Office

-2-