UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.00-6350-CR-GOLD

UNITED STATES OF AMERICA

v.

SEAN NELSON,

    Defendant.
_____/

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION PURSUANT TO 18 U.S.C. §3582(c)(2)
FOR MODIFICATION/REDUCTION OF SENTENCE**

    Defendant Sean Nelson has filed a motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 706 to the United States Sentencing Guidelines, which reduced the offense levels for cocaine base. This amendment, however, is inapplicable to the defendant, as he was sentenced to a statutory mandatory minimum penalty, and therefore his sentence may not be reduced.

    History of the case:

    On December 12, 2000, a grand jury sitting in the Southern District of Florida indicted Sean Nelson for possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §841(a)(1). On June 5, 2001, Nelson entered a plea of guilty as to Count 2 of the indictment, pursuant to a written plea agreement. According to the PSI, the defendant's base offense level

1

was 32, and with a criminal history category II[1], the defendant was facing 135-168 months' incarceration. On August 17, 2001, Nelson was sentenced to a prison term of 120 months, followed by a five-year term of supervised release. The defendant's sentence was below the applicable guideline range and was the minimum sentence permissible by the statutes' mandatory minimum. The defendant did not appeal his sentence, however, on November 29, 2001 he filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. Section 2255. The Court denied his motion on April 30, 2003.

<u>The law</u>

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[2] On December 11, 2007,

---

[1] The defendant was not safety valve eligible because he had a criminal history including possession of cannabis and carrying a concealed firearm.

[2] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). Revised Section 1B1.10(a), which becomes effective on March 3, 2008, provides, in relevant part:

(1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

    (A) none of the amendments listed in subsection (c) is applicable to the defendant; or

    (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3) <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007,

---

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). <u>See, e.g.</u>, <u>United States v. Perez</u>, 129 F.3d 255, 259 (2d Cir. 1997); <u>United States v. Thompson</u>, 70 F.3d 279, 281 (3d Cir. 1995); <u>United States v. McHan</u>, 386 F.3d 620, 622 (4th Cir. 2004); <u>United States v. Drath</u>, 89 F.3d 216, 218 (5th Cir. 1996); <u>United States v. Dullen</u>, 15 F.3d 68, 70-71 (6th Cir. 1994); <u>United States v. Wyatt</u>, 115 F.3d 606, 608-09 (8th Cir. 1997); <u>United States v. Cueto</u>, 9 F.3d 1438, 1441 (9th Cir. 1993); <u>United States v. Avila</u>, 997 F.2d 767, 768 (10th Cir. 1993); <u>United States v. Armstrong</u>, 347 F.3d 905, 909 (11th Cir. 2003).

which reduced the base offense level for most cocaine base ("crack") offenses.[3] On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706.[4]

Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base

---

[3] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

[4] In a separate matter, the Supreme Court recently held in Kimbrough v. United States, ____ U.S. ____, 2007 WL 4292040 (2007) that district courts "may consider the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders. However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams. Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

<u>Application to this case.</u>

The defendant's motion should be denied because, as stated earlier, he was sentenced to a mandatory minimum sentence required by statute. The Sentencing Commission has not altered and cannot alter a statutory mandatory minimum sentence, and that mandate continues to apply. <u>See also</u> § 1B1.10 app. note 1(A) (affirming that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if . . . an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment.")). Accordingly, as courts have consistently recognized, where a statutory mandatory minimum sentence is applicable the passage of a retroactive guideline amendment is irrelevant. <u>See, e.g.</u>, <u>United States v. Dimeo</u>, 28 F.3d 240, 241 (1st Cir. 1994); <u>United States v. Hanlin</u>, 48 F.3d 121,

124-25 (3d Cir. 1995); <u>United States v. Pardue</u>, 36 F.3d 429 (5th Cir. 1994); <u>United States v. Marshall</u>, 95 F.3d 700, 701 (8th Cir. 1996); <u>United States v. Mullanix</u>, 99 F.3d 323, 324 (9th Cir. 1996); <u>United States v. Smartt</u>, 129 F.3d 539, 542 (10th Cir. 1997); <u>United States v. Eggersdorf</u>, 126 F.3d 1318, 1320 (11th Cir. 1997).

Accordingly, the defendant's motion must be summarily denied.

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By:  /s/
Lynn D. Rosenthal
Assistant United States Attorney
Florida Bar No. 343226
500 East Broward Blvd.
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 14, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on April 14, 2008 by mail to Sean Nelson, # 55699-004, FCI, P.O. Box 15330, Fort Worth, TX 76119

Dated:4/14/08

 s/
Lynn D. Rosenthal AUSA