UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6350-CR-GOLD

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

SEAN NELSON,

        Defendant.

_____/

**REPLY TO GOVERNMENT'S OPPOSITION**

The Defendant, Sean Nelson, by and through undersigned counsel, hereby files the following reply to the government's opposition to Mr. Nelson's motion for sentence reduction.

Federal law gives a district court discretion to reduce the term of imprisonment of an incarcerated federal prisoner where a guidelines amendment affecting the prisoner's Sentencing Guidelines range has been made retroactive. *See United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000) (citing 18 U.S.C. § 3582(c)(2), 28 U.S.C. § 994(o)). The Eleventh Circuit has instructed district courts on the proper procedure for applying such a retroactive amendment: "Initially, the court **must** recalculate the sentence under the amended guidelines, first determining **a new base level** by substituting the amended

guideline range for the originally applied guidelines range, and then using that new base level to determine what ultimate sentence it would have imposed." *Bravo*, 203 F.3d at 780 (emphasis added). "The next step is for the court to decide whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence. This decision should be made in light of the factors listed in 18 U.S.C. § 3553(a)." Id. at 781.

Here, application of the amendments to U.S.S.G. § 2D1.1 is straight forward. Mr. Nelson was held accountable for **115.7 grams** of crack cocaine. PSI¶13. Under the Sentencing Guidelines in effect at the time of his initial sentencing, that amount would have resulted in an offense level of **32**. *See* U.S.S.G. § 2D1.1 (2000). Under the amended version of § 2D1.1, however, 115.7 grams of crack cocaine results in an offense level of **30**. Coupled with Mr. Nelson's criminal history category of I, that results in a Sentencing Guidelines range of **97-121** months' imprisonment.

Now, what the government points out comes into effect. Mr. Nelson entered a plea of guilty to a single count charging him with possession with intent to distribute 50 grams or more of crack cocaine, an offense which has a minimum mandatory sentence of 120-months' imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). However, where a defendant meets all criteria of the "safety valve" provision, this Court must impose a sentence without regard to any minimum mandatory sentence. *See* 18 U.S.C. § 3553(f)(1)-(5), U.S.S.G.

§ 5C1.2. In fact, at the time of Mr. Nelson's plea, both parties shared a view that Mr. Nelson met the safety valve criteria and that he would in fact get a sentence below the minimum mandatory. *See* DE#28, Plea Agreement at ¶8.

The question then becomes whether Mr. Nelson met all the criteria under the safety valve provision. From the record, it appears that the only factor not met by Mr. Nelson was the requirement that he have no more than one criminal history point. PSI ¶¶31,32. However, that determination is incorrect. Mr. Nelson was given a single criminal history point for a 1998 offense of possession of less than 20 grams of cannabis in state court. PSI¶31. However, the PSI clearly states that he only received a $143 fine for the offense. Id.

Generally, at least a single criminal history point is given for each prior sentence. *See* U.S.S.G. § 4A1.1. The question thus becomes whether the straight imposition of a fine alone constitutes a sentence. It is clear that fine ***imposed as an alternative*** to imprisonment constitutes a sentence. *See* U.S.S.G. § 4A1.2, comment. (n.4) ("a sentence which specifies a fine or other non-incarcerative disposition as an alternative to a term of imprisonment (e.g., $1,000 fine or ninety days' imprisonment) is treated as a non-imprisonment sentence."). But that is not the case here. Mr. Nelson was simply fined $143. In fact, the only place in either §4A1.1 or §4A1.2 or any accompanying commentary which actually defines what a criminal sentence is, expressly excludes the simple imposition of a fine in the definition of

3

"sentence." *See* U.S.S.G. § 4A1.1, comment. (n.4) ("For the purposes of this item, a 'criminal justice sentence' means a sentence countable under §4A1.2 (Definition and Instructions for Computing Criminal History) having a custodial or supervisory component, although active supervision is not required for this item to apply. For example, a term of unsupervised probation would be included, **but a sentence to pay a fine, by itself, would not be included**."). No other provision of the Sentencing Guidelines defines the imposition of a fine, by itself, as a sentence for purposes of attributing a single criminal history point. Absent this clear error in calculating Mr. Nelson's criminal history, Mr. Nelson meets all of the criteria for safety valve, and thus, this Court must impose a sentence without regard to any minimum mandatory sentence.

In that regard, this Court must take note that the Sentencing Guidelines are merely advisory and federal sentences must reasonable. As the Supreme Court has explained, that means that sentences must be both procedurally and substantively reasonable. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). Procedural reasonableness governs such things as the proper calculations under the advisory guidelines, while substantive reasonableness looks at the final sentence to determine whether it is reasonable. *See id.*

This substantive reasonableness is directly tied into the second part of the *Bravo* analysis which directs this Court to employ its discretion to determine whether it will reduce the sentence based on the amended guidelines. In this case, that means this Court

4

must take into account the reason for the amended guidelines, the arbitrary disparity between sentences for crack violations and sentenced for powder cocaine violations. *See Kimbrough v. United States*, 128 S. Ct. 558, 568-569 (2007). This Court should specifically take into account the racial disparity created by the 100 to 1 ratio, *id.* at 568, the conclusion by the Sentencing Commission that the 100 to 1 ratio "significantly overstates the differences between the two forms of the drug," *id.*, and that the amendment represents a only a "modest," "partial remedy" for the problems created by the disparity, *id.* at 569.

Once this Court takes all those factors into consideration, it can then use its discretion to determine what sentence would reasonably achieve the factors stated in §3553(a). As to that ultimate question, Mr. Nelson respectfully requests that this Court impose a sentence below the advisory guidelines range. In support of that request, Mr. Nelson would point out that if he had been convicted of an offense involving 115.7 grams of powder cocaine instead of 115.7 grams of crack cocaine, his offense level would have been a level **18**. Coupled with Mr. Nelson's criminal history category of I, that means that for a similar conviction involving powder cocaine, Mr. Neslon's advisory sentencing range would be a mere **27-33** months' imprisonment. And while a sentence within that range would completely obliterate any remnants of the racial disparity acknowledged in *Kimbrough*, Mr. Nelson merely asks that this Court take that into consideration in imposing a sentence substantially below the 97-121 advisory range.

WHEREFORE, Mr. Nelson respectfully requests that this Court apply the amendment to U.S.S.G. § 2D1.1 retroactively to his case, acknowledge the error that improperly prevented a sentencing below the minimum mandatory sentence and take all the §3553(a) factors into consideration in imposing sentence substantially below the now advisory range of 97-121 months' imprisonment.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

BY:     _s/Bernardo Lopez_____
        Bernardo Lopez
        Assistant Federal Public Defender
        Florida Bar No. 884995
        One East Broward Boulevard, Suite 1100
        Fort Lauderdale, Florida 33301
        Tel: (954) 356-7436
        Fax: (954) 356-7556
        E-Mail: Bernardo_Lopez@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on    April 14, 2008    , I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing

document is being served this day on all counsel of record or *pro se* parties identified on the

attached Service List in the manner specified, either via transmission of Notices of

Electronic Filing generated by CM/ECF or in some other authorized manner for those

counsel or parties who are not authorized to receive electronically Notices of Electronic

Filing.

*s/Bernardo Lopez*

**SERVICE LIST**
**United States District Court**
**Southern District of Florida**

**United States v. Sean Nelson**
**Case No. 00-6350-CR-GOLD**

**Bernardo Lopez**
Bernardo_Lopez@fd.org
Assistant Federal Public Defender
One East Broward Boulevard, Suite 1100
Fort Lauderdale, Florida 33301
Tel: (954) 356-7436
Fax: (954) 356-7556
Attorney for Defendant
Service via CM/ECF

**Lynn D. Rosenthal**
Lynn.Rosenthal@usdoj.gov
Assistant United States Attorney
500 E Broward Boulevard, 7th Floor
Fort Lauderdale, FL 33301-3002
Tel:  954-356-7255
Fax: 954-356-7336
Attorney for Government
Service via CM/ECF

J:\CRACK CASES\Nelson, Sean Reg 55699-004\Pleadings\Reply.wpd